JOSEPH L. MARSHALL AND JAMES O. MARSHALL, trading as J. L. MARSHALL and J. O. MARSHALL vs. MARYLAND, DELAWARE, and VIRGINIA RAILWAY COMPANY, a corporation of the State of Delaware.

1. LANDLORD AND TENANT—EXEMPTION OF LANDLORD FROM LIABILITY FOR NEGLIGENCE IN OPERATION OF ADJACENT RAILROAD IS VALID.

An exemption of a railroad company from liability for damages from negligence in the operation of the railroad, as part of the consideration for a lease by it of buildings and structures owned by it adjacent to the railroad, is valid.

2. LANDLORD AND TENANT—LEASE BY RAILROAD COMPANY OF BUILDINGS ADJOINING LAND HELD INSUFFICIENT, TO EXEMPT FROM LIABILITY FOR FIRE CAUSED BY NEGLIGENCE.

A lease by a railroad company of buildings and structures adjoining its railroad, providing that the lessee would indemnify it from all claims and damages arising through the exercise of any right thereby granted or conferred, was ambiguous, and did not exempt it from liability for fire due to its negligence, and which destroyed the lessee's property, as such immunity cannot rest on a presumption or strained construction.

(*February* 22, 1921.)

BOYCE and CONRAD, J. J., sitting.

*Daniel J. Layton* and *James M. Tunnell* for plaintiffs.

*Charles S. Richards* for defendant.

Superior Court for Sussex County, October Term, 1920.

CASE No. 9, February Term, 1920.

Action brought by Joseph L. Marshall and James O. Marshall, partners, against the Maryland, Delaware & Virginia Railway Company, to recover damages for loss by fire of certain buildings and personal property therein of the plaintiffs. On demurrer to special plea to declaration. Demurrer sustained.

The declaration contains three counts, and alleges substantially that the plaintiffs at the time of the loss by fire were the owners of certain buildings, structures and personal property located contiguous or adjacent to the right of way of the defendant's railroad; that the defendant company was under duty to exercise a reasonable degree of care in the equipment and operation of its locomitives to prevent damage being caused to the plaintiffs through sparks or cinders emitted from its locomotives passing the buildings, structures and personal property of the plaintiffs; that on or about, etc., the defendant, in violation of this duty, while engaged in the operation of its railroad was negligent and careless in running one of its locomotives upon and along its railroad by and past said buildings and structures without suitable, proper and sufficient spark catchers, etc., to prevent sparks, etc., negligently set fire to the buildings and personal property therein of the plaintiffs and destroyed the same.

The defendant filed a special plea to the declaration, alleging in substance that the buildings and structures which were burned, were, on, etc., and prior thereto, the property of the defendant company; that the defendant company theretofore, on, etc., entered into an agreement with the plaintiffs by which it granted to the plaintiffs the permission to maintain and ‘use said buildings and structures in connection with the canning business of the plaintiffs, at their own cost and expense; that in consideration of this permission the plaintiffs agreed as follows:

"That in consideration of the issuance of this permit they shall and will save and keep harmless and indemnify the party of the first part from and against all claims for damages of whatsoever kind or nature arising in any manner or under any circumstances through the exercise of any right granted or conferred hereby, whether such damages be sustained by the parties of the second part or by other person or persons, corporation or corporations which seek to hold the party of the first part liable."

The plea closes with the statement that the plaintiffs were, at the time the fire occurred, occupying and in possession of the buildings and structures, under the agreement, and prays judgment, etc.

To the plea the plaintiffs filed a general demurrer. Joinder in demurrer was entered.

The contention of the defendant was that the buildings which were destroyed were let to the plaintiffs under the agreement between the parties which exonerated the defendant company from any liability for loss by fire through its own negligence or that of its employees, and that, therefore, the plaintiffs are not entitled to have or maintain their action. *Cincinnati, etc., R. Co. v. Saulsbury,* 115 *Tenn.* 402, 90 *S. W.* 624, 5 *Ann. Cas.* 744. The plaintiffs conceded that it is competent for a railroad company to let its buildings to persons who are to occupy the same at a point adjacent to its railroad, under an agreement that the railroad company shall not be liable for damage to the same by fire from its locomotive engines although owing to the negligence of the railroad company or its employees. 33 *Cyc.* 1330; *Griswold v. Ill. Central R. R. Co.,* 90 *Iowa,* 265, 57 *N. W.* 843, 24 *L. R. A.* 647. Yet it was urged that in seeking to relieve itself from liability for acts of its own negligence, the railroad company must exercise its right to obtain such an exemption by language which clearly expresses the fact that at the time the parties entered into the contract such was the understanding in the minds of both of them. *Hartford Fire Ins. Co. v. Chic., Mil. & St. Paul R. Co.,* 175 *U. S.* 91, 20 *Sup. Ct.* 33, 44 *L. Ed.* 84. It was claimed that the right of exemption secured by the provision relied on in the plea was limited to some such damages as might result to the plaintiffs, or others, in the use of the buildings and structures from possible defects therein, or from some duty to maintain the same in repair, or from some acts on the part of the plaintiffs, or others than the defendant, arising in any manner, or under any circumstances through the exercise of any right granted or conferred by the agreement between the parties.

PER CURIAM. [1, 2] The substantial question raised by the pleadings is whether the defendant company entered into an agree-

ment with the plaintiffs by which the company should be exempt from any liability for damage to the buildings and property which it let to the plaintiffs, although the damage should be occasioned by the negligence of the company, or its employees. An exemption from liability for damages in consequence of negligence as part of the consideration for such an agreement is valid in a case like this. The language of the provision set out in the plea, exempting the defendant company from claims for damages is obviously ambiguous. Clearly exemption from liability for negligence or from fire is not expressed in the provision. If it was the intention of the parties that the provision should secure to the defendant company the exemption claimed for it in this action, it should appear from the language of the provision fairly interpreted; for such immunity cannot rest upon a presumption or strained construction of the provision.

It is the opinion of the court that the language of the provision is not sufficiently specific to relieve the defendant company from liability for damages to the said buildings and personal property therein of the plaintiffs, if occasioned by the defendant company in the manner as alleged in the declaration of the plaintiffs.

The demurrer is sustained.