Thomas R. ALTEMUS and Naomi Altemus, his wife, Plaintiffs,

v.

The PENNSYLVANIA RAILROAD COMPANY, and Gulf Oil Corporation, corporations of the State of Pennsylvania, Defendants.

James K. ORRELL, Jr., Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania corporation, Defendant.

Civ. A. Nos. 2414, 2430.

United States District Court
D. Delaware.

Nov. 5, 1962.

James P. D'Angelo, Wilmington, Del., and Charles A. Lord, of Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., for Thomas R. Altemus and Naomi Altemus.

C. W. Berl, Jr., of Berl, Potter & Anderson, Wilmington, Del., for Pennsylvania R. Co.

William F. Taylor, of Morford, Young & Conaway, Wilmington, Del., for Gulf Oil Corp. and James K. Orrell, Jr.

LAYTON, District Judge.

Thomas Altemus filed this action against Pennsylvania Railroad (hereinafter "Railroad") and Gulf Oil Corporation (hereinafter "Gulf") to recover for personal injuries sustained when he fell from a ladder while working for the Railroad in Wilmington, Delaware. Defendant-Railroad filed a cross-claim against defendant-Gulf on the theory that Gulf is liable to indemnify it for any liability it may owe to the plaintiff. Fed.R.Civ.P. 13(g), 28 U.S.C. Gulf now moves for summary judgment in its favor against Railroad's cross-claim. Fed.R.Civ.P. 56 (b).

The essential facts are these. A Gulf employee came onto Railroad property to deliver oil. As was customary, a Rail-

road employee (plaintiff in this case) assisted in the delivery by ascending a ladder supplied by Railroad. The Railroad employee fell from the ladder and injured himself. The sale of oil by Gulf to the Railroad was pursuant to a Pennsylvania Railroad purchase order form which contains the indemnity clause on which Railroad bases its cross-claim. The clause in dispute reads as follows:

"ACCIDENTS AND INDEMNITY. If it becomes necessary for the Seller, either as principal or by agent or employe, to enter upon the premises or property of the Buyer, in order to construct, erect, inspect or deliver hereunder, the Seller hereby covenants and agrees to take, use, provide and make all proper, necessary and sufficient precautions, safeguards and protections against the occurrence or happening of any accidents, injuries, damages or hurt to any such person or property during the progress of the work herein covered, and to be responsible for, and to indemnify and save harmless the Buyer from the payment of all sums of money by reason of all, or any such accidents, injuries, damages or hurt that may happen or occur upon or about such work, and all fines, penalties and loss incurred for or by reason of the violation of any State, county, municipal or local ordinance or regulation, or the law of the State, or United States while the said work is in progress; and further agrees to procure and carry the insurance required by any compensation act, plan or legislative enactment."

Both parties agree that the indemnity clause was a part of the purchase and sale. In other words, there are no material facts in dispute as concerns this cross-claim. The indemnity clause is the only basis asserted to support the cross-claim. Thus, the only question here involved is the legal one: Is there an agreement by Gulf to indemnify Railroad for the latter's liability to its own employees for its own negligence? If the answer is in the negative, Gulf is entitled to summary judgment and Railroad's cross-claim must fall.

It is difficult to conceive of a reason for the drafting of such an agreement unless its basic purpose was to indemnify the Railroad against the consequences of the negligence of its own employees. But contracts of indemnity such as this are not favored either generally, 175 A.L.R. 8 and cases cited, and, more particularly, in Delaware, by whose law we are governed in this diversity action. Pan American World Airways, Inc. v. United Aircraft Corp., 163 A.2d 582 (Sup.Ct.Del.). The Courts very generally refuse to arrive at such a result unless it is made absolutely clear that the intention of the party drawing the contract is to indemnify himself against the consequences of his own negligence. Thus, in the cited case, the Delaware Supreme Court following the general rule said this:

"It is the general rule that contracts to relieve one from the consequences of his own negligence are not favored in the law, and if possible are construed not to confer immunity from liability. * * * (Citations). The Delaware law appears to be the same. See Marshall v. M. D. & V. Ry. Co., 31 Del. 170, 173, 1 W.W. Harr. 170, 112 A. 526."

Construing the wording on the back of the purchase order in the light of this principle, it is immediately apparent that an ambiguity is created by the use of the word "such" appearing before the word "person" in the 13th line and appearing before the word "accidents" in the 19th line. Certainly, this language can reasonably be understood as meaning that Gulf is indemnifying the Railroad only in those cases in which Gulf employees are injured. This being so, other perhaps plausible interpretations advanced by the Railroad are to no avail because, applying the principle of strict construction against the draftsman of the contract, it is not crystal clear that the Railroad has intended to protect itself against accidents to its own em-

ployees. See 175 A.L.R. 30, where it is said, *inter alia:*

> "A contract of indemnity will not be construed to indemnify a person against his own negligence where such intention is not expressed in clear and unequivocal terms."

Accordingly, the motion for summary judgment must be granted.