The PENNSYLVANIA RAILROAD COM-
PANY, Plaintiff.

v.

GULF OIL CORPORATION, a corporation
of the State of Pennsylvania, Defendant.

Superior Court of Delaware.

New Castle.

Sept. 15, 1966.

C. Waggaman Berl, Jr., of Berl Potter & Anderson, Wilmington, for plaintiff.

William F. Taylor, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant.

## OPINION

WRIGHT, Judge.

On June 13, 1961, an employee of Gulf Oil Corporation (hereafter Gulf) was making an oil delivery on property of The Pennsylvania Railroad Company (hereafter Railroad). During the delivery a Railroad employee placed a ladder against a piece of Railroad equipment which was to be fueled. While the Railroad employee was on the ladder it collapsed and both the

Gulf employee and the Railroad employee were injured.

The Railroad purchased fuel from Gulf under a purchase order which bore the following indemnification agreement:

"ACCIDENTS AND INDEMNITY. If it becomes necessary for the Seller, either as principal or by agent or employee, to enter upon the premises or property of the Buyer, in order to construct, erect, inspect or deliver hereunder, the Seller hereby convenants and agrees to take, use, provide and make all proper, necessary and sufficient precautions, safeguards and protections against the occurrence or happening of any accidents, injuries, damages or hurt to any such person or property during the progress of the work herein covered, and to be responsible for, and to indemnify and save harmless the Buyer from the payment of all sums of money by reason of all, or any such accidents, injuries, damages or hurt that may happen or occur upon or about such work, and all fines, penalties and loss incurred for or by reason of the violation of any State, county, municipal or local ordinance or regulation, or the law of the State, or United States while the said work is in progress; and further agrees to procure and carry the insurance required by any compensation act, plan or legislative enactment."

The Railroad employee brought a personal injury action in the United States District Court for the District of Delaware against both the Railroad and Gulf. The Railroad, relying on the indemnification agreement, cross-claimed against Gulf. Gulf moved for summary judgment on the cross-claim. This motion was granted and the cross-claim dismissed. Altemus v. Pennsylvania Railroad Company, 210 F.Supp. 834 (D. Del. 1962). Thereafter the Gulf employee became a party to the action and both the Railroad employee and the Gulf employee recovered verdicts against the Railroad. The Railroad has paid both judgments and now seeks indemnity from Gulf for said payments.

The Railroad now argues that since both it and Gulf are Pennsylvania corporations and since there is no federal question presented in the case that the District Court would have had no jurisdiction over them had the action been brought independently of the negligence suit, and that it follows that the Federal Court decided a matter over which it had no jurisdiction. In such case, claims the Railroad, the Federal Court's decision was a nullity and cannot be *res judicata* here.

The Railroad relies heavily on Danner v. Anskis, 256 F.2d 123 (3rd Cir.1958). There the Court said:

"The purpose of Rule 13(g) is to permit a defendant to state as a cross-claim a claim against a co-defendant growing out of the transaction or occurrence that is the subject matter of the original action or relating to any property that is the subject matter of that action, and to permit a plaintiff against whom a defendant has filed a counterclaim to state as a cross-claim against a co-plaintiff a claim growing out of the transaction or occurrence that is the subject matter of the counterclaim or relating to any property that is the subject matter of that counterclaim. This, we think, is the clear intent of the language of the rule."

■ The above language seems to precisely cover the present situation. The District Court clearly had ancillary jurisdiction over the cross-claim and its decision is *res judicata* as to the Railroad employee's judgment.

■ However, the claim of the Gulf employee was not before the District Court when the motion for summary judgment was decided and the decision is not *res judicata* as to that employee.

■ The Railroad admits that the Gulf employee was injured as the result of its negligence alone. Yet the Railroad argues

here for a result different from that announced in *Altemus* based on the same indemnification agreement.

The rule in Delaware covering such agreements was clearly stated in Pan American World Airways Inc. v. United Aircraft Corporation, 3 Storey 7, 163 A.2d 582, (1960); "* * * [i]t is the general rule that contracts to relieve one from the consequences of his own negligence are not favored in the law, and if possible are construed not to confer immunity from liability".

Nothing has been called to my attention by the Railroad which causes this Court to view the agreement differently than did the Federal Court in *Altemus*. The agreement is ambiguous and subject to a construction contrary to the position taken by the Railroad.

Defendant's motion is granted.

Order accordingly.