Leon G. POWELL, Plaintiff,

v.

INTERSTATE VENDAWAY, INC., a Delaware corporation, Defendant and Third-Party Plaintiff,

v.

CHRYSLER CORPORATION, a Delaware corporation, Third-Party Defendant.

Superior Court of Delaware,
New Castle.

Dec. 6, 1972.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for Interstate Vendaway.

William J. Taylor, III, of Berg, Taylor & Komissaroff, Wilmington, for Chrysler.

OPINION

TAYLOR, Judge.

Plaintiff, an employee of Chrysler Corp., (Chrysler) was injured while working for Chrysler when a truck operated on Chrysler property by an employee of Interstate Vendaway, Inc. (Vendaway) struck a stack of cartons pinning plaintiff between the cartons and a work table. Plaintiff, while receiving workmen's compensation from Chrysler, sued Vendaway for damages resulting from the injury, claiming negligence on the part of Vendaway's employee in the operation of the truck. Vendaway filed a third party complaint against Chrysler claiming negligence on the part of Chrysler in failing to provide a safe working place for plaintiff. Chrysler answered the third party complaint, asserting that an indemnity clause which was a part of the contractual relationship between Vendaway and Chrysler bars Vendaway's claim and further asserting that Chrysler's payment of workmen's compensation to plaintiff is a complete defense to Vendaway's claim. The issues under consideration are the sufficiency of Vendaway's third party complaint and Chrysler's answer thereto. Chrysler filed affidavits simply establishing the contract which contained the indemnity clause and the workmen's compensation agreement with plaintiff. These were not disputed by Vendaway.

For several years Vendaway has provided food and food services for the Chrysler Newark assembly plant pursuant to contractual arrangement between Chrysler and Vendaway. The contract contained the following paragraph:

"Seller shall defend, indemnify and hold Purchaser harmless from any and all liability for bodily injury, sickness or disease, including death resulting therefrom, of any person or persons, or dam-

age, destruction or loss of use of any property, arising out of or resulting from the sale, possession or distribution of any product, foodstuff, or beverage, or from any operation under this agreement, and from any act or omission, negligent or otherwise, of Seller or any of its subcontractors, employees, agents, or servants or of any other persons, excepting only employees of Purchaser whose activities Seller does not have the right to control."

Chrysler contends that this is a complete defense to Vendaway's third party complaint. Vendaway contends that the hold harmless provision is to protect against claims for illness from improper food and does not extend to a claim based upon negligent operation of a delivery truck. Vendaway further claims that the exception at the end of the provision excludes a claim by Chrysler employees from the hold harmless protection.

▬▬▬ An agreement indemnifying one against the results of ones own negligence is valid under Delaware law. Marshall v. M. D & V Rwy. Co., 1 W.W.Harr. 170, 112 A. 526 (1921); Smoke v. Turner Construction Co., 54 F.Supp. 369 (Del.1944).[1] The intention to indemnify must clearly appear from a fair construction of the instrument, but precise words need not be used, so long as the intention to create such indemnity is clear. ibid.

▬▬▬ However, a contract to indemnify one against the consequences of one's own negligence is not favored in law. Pan American World Airways v. United Aircraft Corp., 3 Storey 7, 163 A.2d 582, 587 (1960); Marshall v. M. D & V Rwy. Co., supra. Such a contract is strictly con-

strued, and where possible will be construed not to confer immunity from liability. ibid. Recently, the Delaware Supreme Court has held that a contract provision must be "crystal clear and unequivocal" if a contractor is to be held liable to indemnify a contractee for contractor's negligence. State of Delaware v. Amiesite Corp., 297 A.2d 41, (Supr.1972).

The general rule is that "a contract of indemnity will not be construed to indemnify a person against his own negligence where such intention is not expressed in clear and unequivocal terms." 175 A.L.R. 30.

The principle described above has been applied to preclude contractual indemnity under various contract provisions. In *Pan American,* supra, the indemnity contract provision which covered "all duties or liabilities . . . arising out of the use of the goods" was held not to cover negligent failure to use reasonable care in the design, selection of material, inspection of testing of a mechanism and failure to warn of the existence of defects therein. In Altemus v. Pennsylvania Railroad Company, 210 F.Supp. 834 (Del.1962) a provision indemnifying railroad from claims by reason of " 'such accidents, injuries, damages, or hurt that may happen or occur upon or about [the operation involving the delivery of fuel oil]' " was held not to protect against damages involving a railroad employee who was injured while assisting in the delivery of the oil. In Pennsylvania Railroad Company v. Gulf Oil Corp., 223 A.2d 79 (Del.Super.1966), which involved the same contract provision which was considered in *Altemus,* supra, this Court held that the District Court had properly construed the provision under Delaware law. In Delaware Power &

---

1. Smoke v. Turner Construction Co., supra, involved a hold harmless clause which included the phrase "growing out of or resulting from the execution of the work provided for in this contract, or occurring in connection therewith . . ." The Court held that a workman who was engaged in work covered by the agreement was within the purview of the phrase "oc-

curring in connection therewith" and hence, the claim for his injury was covered by the indemnity provision. This decision was based on the general law as the Judge found it to be and was made in the absence of the more recent Delaware decisions which have amplified the law in Delaware on the subject of indemnity contracts.

Light Co. v. Mayor & Council, 200 A.2d 840 (Super.1964), this Court held that an indemnity provision by which the power company agreed to indemnify the city from claims "arising from the delay, negligence or unsuccessfulness on its (Power Company's) part or its servants, . . . or . . . arising from any injury or injuries which may happen to any person or persons, from or on account of the laying and using of said conduits, pipes, wires, etc." did not protect the City against liability for negligent actions (placing heavy concrete slab) by City.

In Hollingsworth v. Chrysler Corp., 208 A.2d 61 (Super.1965) this Court held that an indemnity provision protecting Chrysler against injuries resulting from "any action or operation under the contract or in connection with the work" did not protect Chrysler against a claim based upon negligence of Chrysler by an employee of the sub-contractor.

The indemnity language in this case is broad. But it does not address itself specifically to claims involving acts or omissions or negligence of Chrysler.[2] Moreover, the language in this case assures defense as well as indemnity in many situations and, hence, the provision would not be rendered meaningless or useless if it is held inapplicable to claims based upon Chrysler's negligence. It is not "crystal clear and unequivocal" from the indemnity provision that Chrysler is to be indemnified for its own negligence and, therefore, Chrysler is not afforded such protection. Cf. State of Delaware v. Interstate Amiesite Corp., supra.

In view of the conclusion reached above, it is not necessary to review the other contentions made by Vendaway concerning limitations inherent in the language of the indemnity provision.

The indemnity clause does not bar Vendaway from asserting its third party complaint.

The next issue is whether Chrysler breached a duty which it owed to Vendaway as a result of which Chrysler is liable to Vendaway for the damages which plaintiff might recover against Vendaway.

■■ Plaintiff was working as an employee of Chrysler at the time of the accident. The relationship between plaintiff and Chrysler is governed by the Workmen's Compensation Law, 19 Del.C. Sec. 2304. By virtue of that statute, the employer is not only not liable to the employee for negligence, but the employer is not liable for joint and concurrent negligence with another party. Miller v. Ellis, 122 A.2d 314 (Super.1956). Consequently the employer will not be held liable for contribution or restitution to a third party for damages awarded to an employee against the third party. Diamond State Tel. Co. v. University of Delaware, 269 A. 2d 52 (Supr.1970). This principle applies even though the negligence of the employer when compared to that of the third party is evaluated as "primary" vis-a-vis "secondary", or as "active" vis-a-vis "passive". ibid. In *Diamond,* supra, p. 56, the Delaware Supreme Court held that by reason of the Workmen's Compensation Law, there could be no recovery against an employer "on any common law theory", and, this precluded contribution or restitution to a third party. Accordingly, if Chrysler is to be held liable it must be other than in tort.

■ A breach of contractual obligation, either express or implied, would be a proper basis. ibid.[3] In this case, the duty to Vendaway which Chrysler is alleged to have breached is a duty to "provide plain-

---

2. Compare the provision which was before the Delaware Supreme Court in Bar Steel Construction Co. v. Read, 277 A.2d 678 (Supr.1971).

3. The Third party complaint refers to "common law indemnity". For purposes of this discussion this phrase will be assumed to refer to an implied contractual obligation and not to a common law tort.

tiff with a safe place in which to work." It is not asserted that the contract expressly imposed such a duty.

A massive body of law has developed dealing with the liability of a contractor-employer to indemnify an owner or sub-contractor for injuries to the contractor's employee. Indemnity in such instances is founded upon an implied obligation on the part of the contractor to perform the contracted work in a workmanlike manner with due care. 2 Larson, Workmen's Compensation Law, Sec. 76.43, p. 250.21.

In *Diamond,* supra, the owner-contractee sought indemnity against the contractor-employer. There, the Delaware Supreme Court discussed four categories described in 2 Larson, Workmen's Compensation Law, Sec. 76.43(a), pp. 250.44 et seq., to which indemnity has been applied based upon the implied obligation to perform in a workmanlike manner. Because factual variances have such a significant place in determining whether indemnity would be allowed, the Court held in *Diamond,* supra, that a third party complaint would not be dismissed in the absence of a showing of the specific facts.

This case is factually unique. Here the injured party was the employee of the owner.[4] The employee was carrying on his customary duties for his employer and was not involved in the activities of the contractor. Here the duty which Chrysler is alleged to have violated was not a duty of care with respect to Vendaway and its employees, rather it is a duty to provide a safe working place for Chrysler's employee. The asserted duty is simply a basic duty of employer toward employee.

The only authority cited by Vendaway in support of its position is Diamond State Telephone Co. v. University of Delaware, supra. *Diamond,* supra, is distinguishable. It rested on the implied contractual obligation of the contractor to perform its con-

tracted work in a workmanlike manner. By contrast Chrysler has no contractual work; its only express contractual duty was to provide certain space, utilities and facilities. Chrysler's activities are not contractually related to Vendaway. It is not asserted that plaintiff was performing services related in any way to the express contractual obligation of either Vendaway or Chrysler.

■ In the absence of authority to support Vendaway's position, the Court holds that any contractual duty to be implied against Chrysler must have a definite relationship to the stated contract between the parties or the performance of it, and it must involve something more or something different than the duty which existed in the absence of the contract. The duty must be one arising from the contract. Here, no new, additional or different conduct is relied upon.

If Chrysler is liable to indemnify Vendaway, it must rest upon an implied obligation which Chrysler (owner) owed to Vendaway (contractor). Whether Chrysler owed an obligation to provide a safe place for Vendaway and its employees to perform the contract is not the issue before the Court under the pleadings. Cf. 31 A. L.R.2d 1379 et seq. There may be various implied obligations on the part of Chrysler growing out of the nature of the services being performed by contractor and the conditions under which they are to be performed. But, here the claimed obligation is not one to provide a condition or do an act with respect to the contract or its performance.

■ As asserted, the obligation which is relied upon is no more than the common law duty of an employer to its employee to provide a safe working place for the employee. I find no basis for finding an implied contractual obligation based simply

4. Cases involving shipowners discussed in 2 Larson's Workmen's Compensation Law, Sec. 76.43, pp. 250.21–250.70, are not help-ful in view of the distinct rights and duties arising under Admiralty Law, which do not apply outside of that field.

upon this common law duty, particularly where the right to sue upon the basic employer-employee duties has been removed by the Workmen's Compensation Law. The duty as asserted in the third party complaint may not be asserted on the basis of a tort claim, since the tort claim is barred by the Workmen's Compensation Act. It fails also under contract law, because it is not an express or implied obligation under the contract.

The issues discussed above have come before the Court by way of a motion for summary judgment by Chrysler. The motion involved the legal sufficiency of the allegation of the third party complaint of Vendaway and the answer thereto which asserted as a defense the indemnity provision of the contract between Vendaway and Chrysler and the Delaware Workmen's Compensation Law. Realistically, the motion litigated the sufficiency of the pleadings, and in particular the sufficiency of the third party complaint. It was, therefore, "functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c)". 6 Moore's Fed. Practice, Sec. 56.11 [1.–1], p. 2144.

▇▇▇▇ The Court has noted above that the duty which the Vendaway's third party complaint charges Chrysler violated is not a proper basis for recovery. However, from the facts alleged it appears that an amendment of the pleadings would be justified. Such amendment should not be prevented by the entry of a final judgment. Rossiter v. Vogel, 134 F.2d 908, 912 (2 Cir. 1943). 6 Moore's Fed. Practice, par. 56.02 [4], p. 2037; par. 56.10, p. 2127; par. 5611 [2], p. 2152. The procedure followed by Judge Rodney in Kane v. Chrysler Corp., 80 F.Supp. 360, 366 (D.Del.1948) is appropriate in this instance. In *Kane,* supra, Judge Rodney stated that "because the affidavits set out a state of facts from which it may be possible to frame a valid complaint, the motion for summary judgment should not be granted." He then denied the motion for summary judgment and granted leave to the plaintiff in that case to amend the complaint.

Third party plaintiff is granted leave to file an amended third party complaint within 20 days from the date of this Order. In the absence of such filing, the motion for summary judgment is granted.

It is so ordered.