## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MSP EQUIPMENT RENTAL, INC., | ) | |
| | ) | C.A. No. N14C-08-033 EMD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAVILON GRAIN, LLC, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 16, 2015
Decided: June 9, 2015

*Upon Consideration of*
*Defendant Gavilon Grain LLC's Motion to Dismiss MSP Equipment Rental, Inc.'s Complaint*
***GRANTED***

Michael W. Horner, Esquire, Rochelle L. Gumapac, Esquire, White and Williams LLP, Wilmington, Delaware, *Attorneys for Gavilon Grain, LLC and Hector Cabrera*.

Cynthia G. Beam, Esquire, Law Office of Cynthia G. Beam, Newark, Delaware, *Attorney for Plaintiff*.

**DAVIS, J.**

This 9th date of June, 2015, upon consideration of Defendant Gavilon Grain LLC's Motion to Dismiss MSP Equipment Rental, Inc.'s Complaint (the "Motion") submitted by Gavilon Grain LLC ("Gavilon"); Plaintiff MSP Equipment Rental, Inc.'s Response to Defendant Gavilon Grain LLC's Motion to Dismiss Complaint (the "Response"); the Court having held a hearing and heard arguments from the parties on the Motion and Response on March 16, 2015, the Court finds as follows:

1.	This is a declaratory judgment action through which MSP Equipment Rental Inc. ("MSP") seeks a declaration that Gavilon is responsible for the defense and indemnification of MSP in two separate personal injury actions filed by Frank Layne, Jr. (the "*Layne* Action") and Jair "Hector" Cabrera.

2.	On September 25, 2014, Gavilon filed the Motion.  Gavilon contends that MSP's allegations must be dismissed on the basis of *res judicata* and collateral estoppel.  On October 13, 2014, MSP filed the Response.

3.	The workplace accident which lead to this and several other lawsuits, occurred on November 10, 2011, at a facility operated by Gavilon.  On that date a Genie S-85 articulating boom lift occupied by Mr. Layne and Mr. Cabrera tipped over causing injuries to both of them.  MSP leased the boom lift to Gavilon.  The Rental Agreement between Gavilon and MSP has the following clause in paragraph 7:

> Lessee agrees to indemnify and hold harmless the Lessor against all loss, damage, expense and penalty arising from any action instituted based upon damage, expense and penalty arising from any action instituted based upon injury to a person or damage to property occasioned by the operation, handling or transportation of the leased property during the rental period or while the property is in the possession or control of the Lessee.

4.	Mr. Cabrera and Mr. Layne each filed separate suits against MSP.  Mr. Cabrera's suit against MSP was filed in Sussex County (*Cabrera* action) in the Superior Court of the State of Delaware in and for Sussex County (the "Sussex Superior Court").[1]  In the *Cabrera* action, MSP filed a third party claim against Gavilon, alleging that Gavilon, the lessee of the lift, must indemnify MSP, the lessor, pursuant to the Rental Agreement between the two parties.[2]

---

[1] *Cabrera et al v. MSP Equipment Rental, Inc., et al. v. Gavilon Grain, LLC*, at 3, C.A. No. S13C-11-009 (Graves, J.) (Del. Super. Sept. 9, 2014)(letter opinion granting motion to dismiss).
[2] *Id*. at 3.

5.  Gavilon moved to dismiss the third party claim. The Sussex Superior Court considered the Rental Agreement and MSP's arguments and subsequently dismissed MSP's Third Party Complaint against Gavilon. The Sussex Superior Court held that a contract of indemnity will not be construed to indemnify a person against his own negligence where such intention is not clearly expressed in clear and unequivocal terms.[3] The Sussex Superior Court found that the language of the Rental Agreement does not specify that Gavilon agreed to indemnify MSP for MSP's own negligence or liability.[4] The Sussex Superior Court also held that Gavilon was protected from a third party claim due to the protections extended to Gavilon by the Worker's Compensation Act.[5]

6.  MSP filed a Motion to Reargue its opposition to Gavilon's Motion to Dismiss, which was denied by the Sussex Superior Court on October 13, 2014.[6] MSP thereafter sought Certification of Interlocutory Appeal to the Supreme Court, which was also denied by the Sussex Superior Court on November 3, 2014.[7]

7.  The Courts of this state have long recognized the utility of the *res judicata* doctrine in terms of judicial economy and fairness to litigants:

> The doctrine of *res judicata* is common to all civilized systems of jurisprudence, and is based upon the salutary concept that the solemn decisions of a competent court upon a disputed set of facts should forever set the controversy at rest ... the doctrine of res judicata, briefly stated, is that a decision of a court of competent jurisdiction may, in the absence of fraud and collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies.[8]

---

[3] *Id*. at 5 citing *Powell v. Interstate Vendaway, Inc. v. Chrysler Corp.*, 300 A.2d 241, 243 (Del. Super. 1972).
[4] *Id*. at 6.
[5] *Id*. at 8.
[6] D.I. 36, *Cabrera et al. v. MSP Equipment Rental, Inc., et al. v. Gavilon Grain, LLC*, C.A. No. S13C-11-009.
[7] D.I. 37 and D.I. 39, *Cabrera et al. v. MSP Equipment Rental, Inc., et al. v. Gavilon Grain, LLC*, CA No. S13C-11-009.
[8] *Epstein v. Chatham Park, Inc.,* 153 A.2d 180, 184 (Del. Super. 1959).

8.    The Court in *Epstein v. Chatham Park* set out five requirements which must be met before the bar of *res judicata* is applied: (1) The court making the prior adjudication must have had jurisdiction over the subject matter of the suit and of the parties to it. (2) The parties to the prior action were the same as the parties, or their privies, in the pending case. (3) The prior cause of action was the same as that in the present case, or the issues necessarily decided in the prior action were the same as those raised in the pending case. (4) The issues in the prior action were decided adversely to the contentions of the plaintiffs in the pending case. (5) The prior decree is a final decree.[9]

9.    Applying the *Epstein v. Chatham Park* standards to this matter yields the following result: (1) the Sussex Superior Court had jurisdiction over the *Cabrera* action; (2) the parties to the third-party claim in the *Cabrera* action were MSP and Gavilon, who are the same parties to the pending Motion; (3) in the *Cabrera* action the Sussex Superior Court decided the issue of whether Gavilon must indemnify MSP for the *Cabrera* action, while in this suit MSP seeks indemnification from Gavilon for the lawsuits filed by Mr. Cabrera and Mr. Layne, and which arose from the same workplace accident as discussed in the *Cabrera* action; (4) in the prior case, the Sussex Superior Court dismissed MSP's third party claim against Gavilon which sought indemnification; and (5) the Sussex Superior Court's decision was final although not yet appealable.

10.    Based on the Sussex Superior Court's prior adjudication of this issue, MSP's claim for indemnification and defense is barred by the doctrine of *res judicata*. To the extent the Sussex Superior Court's prior adjudication of this issue does not meet all the elements of the doctrine of *res judicata*, this Court follows and adopts the decision, the factual findings and legal

---

[9] *Playtex Family Products, Inc. v. St. Paul Surplus Lines Ins. Co.*, 564 A.2d 681, 683 (Del. Super. 1989)

4

reasoning as set forth in *Cabrera, et al. v. MSP Equipment Rentals, Inc., et al. v. Gavilon Grain, LLC*, C.A. No.: S13C-11-009 (Graves, J.)(Del. Super. Sept. 9, 2014)(letter opinion granting motion to dismiss) and, on this alternative ground, grants the Motion.

      **IT IS ORDERED** that Defendant Gavilon Grain LLC's Motion to Dismiss MSP Equipment Rental, Inc.'s Complaint is **GRANTED**.

/s/ *Eric M. Davis*
Eric M. Davis
Judge