EDNA YARRINGTON, Plaintiff V. JOSEPH THORNBURG, ROBERT JOSEPH DVORAK, and FRANK MULLER, Defendants.

(*March* 2, 1965)

Stiftel, J. sitting.

*Bruce M. Stargatt* and *Richard H. May,* of Morford, Young & Conaway, for plaintiff.

*Warren B. Burt,* of Prickett & Prickett, for defendant Thornburg.

*George L. Sands* for defendants Dvorak and Muller.

Superior Court of Delaware for New Castle County, No. 1451 Civil Action 1962.

STIFTEL, Judge.

Edna Yarrington brought a personal injury action against Joseph F. Thornburg, the driver of the car in which she was a passenger, and Frank Muller and Robert Joseph Dvorak, the driver and owner of the car which collided with the Thornburg vehicle. The jury returned a verdict in favor of the plaintiff against these defendants in the amount of $40,000. As between the defendants, the jury found that Thornburg should pay 90% of the judgment and defendants Dvorak and Muller should be responsible for only 10% of the joint judgment.

The Delaware Supreme Court (at 205 A.2d 1) affirmed this Court (198 A.2d 181) and held that Thornburg was entitled to a credit, in reduction of damages, for a $5,000 payment made to plaintiff by Thornburg's insurance carrier for medical expenses under an insurance policy for which he paid the premimums. Plaintiff contends in this action that this credit was made to Thornburg and that the other defendants, Dvorak and Muller, are not entitled to this credit.

Thornburg's insurance carrier has paid plaintiff $15,000, which

includes $10,000 on his liability policy and the $5,000 under the medical clause. As to the balance, he is judgment proof. Dvorak and Muller have paid plaintiff $25,000. Consequently, plaintiff has already received $40,000 from the joint tortfeasors, but she demands an additional $5,000 from Dvorak and Muller because she argues that they should not get the credit for the $5,000 paid on behalf of Thornburg by his insurance carrier. The answer to this issue was left open by the Supreme Court.

Plaintiff's contention is untenable. Plaintiff received a $40,000 judgment. This having been paid, plaintiff is entitled to no more. The $5,000 medical payment made by Thornburg's carrier benefited the other joint tortfeasors and consequently reduced the joint judgment accordingly. This same result was obtained in *Cormier v. Traders and General Insurance Company*, La.1964, 159 So.2d 746, where the Court recognized the rule as set forth in Louisiana in the case of *Gunter v. Lord*, 242 La. 943, 140 So.2d 11, cited and followed by our Supreme Court in Yarrington and stated as follows:

"* * * when an injured party is wholly or partially indemnified for hospital or medical expenses by one joint tortfeasor, who is solidarily liable with others for such damages, then the other joint tortfeasors are entitled to credit for the payments so made, and the injured party is not entitled to recover the same medical expenses from the other joint tortfeasors."

Plaintiff is entitled to only one recovery in the total amount of the judgment. This she has received.

Present order on notice.