Eazor Express, Inc., Appellant, *v.* Barkley.

Argued October 1, 1970. Before BELL, C. J., JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*Robert J. Stock,* for appellant.

*Lee A. Montgomery,* with him *Norman D. Jaffe,* and *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery,* for appellee.

OPINION BY MR. JUSTICE POMEROY, January 25, 1971:

Appellant, a common carrier by motor vehicle, leased a tractor-trailer unit from appellee Barkley. Under the lease the appellee also supplied a driver, who is the other appellee, Matil. In the course of transporting goods owned and shipped by Continental Can Co., an accident occurred and the cargo was damaged. Continental recovered a judgment against Eazor in the federal court, which Eazor paid. By the present suit Eazor seeks to recover from Barkley and Matil the amount of the judgment so paid to Continental. The complaint asserts that under the lease agreement the appellees "agreed to be responsible for any damage to any cargo" arising out of any accident. The lower court sustained preliminary objections in the nature of a demurrer, noting that Eazor could not recover under a claim of either an express or an implied contract of indemnity. This appeal followed.

We cannot find in the agreement any undertaking by Barkley as lessor of the equipment "to be responsible for any damage to any cargo." The only provision which speaks to the subject expressly limits the owner's (Barkley's) responsibility for loss to cargo caused by the owner or a driver furnished by him to the amount of "settlement", i.e., rental payment, under the lease.[1] There is no justification for expanding this provision for a setoff into a full-blown indemnity undertaking.

Moreover, by another provision the lease places squarely on appellant the obligation to furnish public

---

[1] The paragraph referred to reads as follows: "3. Carrier will deduct from settlement, any cost incurred by Carrier for loss of, or damage to, cargo caused by Owner or drivers furnished by him, and less any advances made by Carrier, but only upon delivery to carrier by Owner of delivery receipts properly signed by consignee, trip sheets, logs and other records required, at the termination of this lease as provided herein."

liability, property damage and cargo insurance during the term of the lease. Such a provision is clearly inconsistent with the theory that appellee is an indemnitor of the appellant. *United States Fidelity & Guaranty Co. v. Aetna Casualty & Surety Co.*, 418 F. 2d 953 (8th Cir. 1969); *American Fidelity and Casualty Co. v. Simmons*, 253 F. 2d 634 (4th Cir. 1958). As the court said in the *Simmons* case, *supra* at 636: ". . . it would be unconscionable in the light of the provision in the lease agreement to allow Webb [the lessee] to recover of Simmons [the lessor] indemnity for the liability which Webb had agreed with Simmons to cover with insurance; . . ."

The appellant in its brief relies on various cases in which our Court has recognized an *implied* contract of indemnity in favor of a person who, without active fault on his part, has been legally obliged to pay damages caused by the negligence of another. See, e.g., *Burbage v. Boiler Engineering & Supply Co.*, 433 Pa. 319, 249 A. 2d 563 (1969); *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock*, 404 Pa. 53, 171 A. 2d 185 (1961); *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A. 2d 368 (1951); *Wise Shoes, Inc. v. Blatt*, 107 Pa. Superior Ct. 473, 164 Atl. 89 (1933). These cases, however, are not apposite where, as here, there is a written contract setting forth the rights and duties of the parties. The contract must then govern. As we have already observed, the instant contract does not support the appellant's claim.

Order affirmed.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.