Paul J. WALLER and Mary Ann Waller, his wife, Plaintiffs,

v.

J. E. BRENNEMAN COMPANY, a Pennsylvania corporation, and John H. Eby, Sr., Defendants.

J. E. BRENNEMAN COMPANY, a Pennsylvania corporation, Defendant and Third-Party Plaintiff,

v.

G & H STEEL SERVICE, INC., a foreign corporation, Third-Party Defendant.

Superior Court of Delaware, New Castle.

June 11, 1973.

James P. D'Angelo and William H. Bennethum, Wilmington, for plaintiffs.

Alfred M. Isaacs of Flanzer & Isaacs, Wilmington, for defendant and third-party plaintiff.

James T. McKinstry of Richards, Layton & Finger, Wilmington, for third-party defendant.

STIFTEL, President Judge.

Motion by the third-party defendant, G & H Steel Service, Inc. ("G & H") to dismiss the third party complaint of J. E. Brenneman Company ("Brenneman") for failure to state a claim.

The third-party action arises from the following factual situation. Brenneman, the general contractor on a repair project involving the St. George's Bridge in Delaware, entered into a subcontract with G & H on August 31, 1971. Plaintiff Paul J. Waller was an employee of G & H and was injured at the St. George's jobsite on December 17, 1971, when he was struck by a concrete conveyor operated by Brenneman's employee, John H. Eby, Sr. ("Eby"). Waller received compensation benefits from G & H under the Workmen's Compensation Law.

Waller brought an action against Brenneman and Eby alleging the negligent operation of the concrete conveyor. Brenneman, in turn, filed a third party action against G & H for indemnification in the event that plaintiffs Paul J. Waller and his wife are successful in their negligence action against Brenneman. Its claim of right to indemnification is based on (1) an express indemnification provision of the subcontract and (2) an implied agreement to indemnify arising from the alleged breach of a covenant to perform the work in a workmanlike manner. G & H has moved to dismiss and raises two arguments in support thereof.

G & H's first argument is based on Section 10 of the subcontract which provides, in pertinent part, as follows:

> "Section 10. Indemnification. The Sub-contractor further specifically obligates himself to the Contractor in the following respects, to wit:
>
> *    *    *    *    *    *
>
> (b) To indemnify the Contractor against and save him harmless from any and all claims, suits or liability from injuries to property, injuries to persons, including death, and from any other claims, suits or liability on account of any act or omission of the Sub-contractor, or any of his officers, agents, employees or servants; . . . ."

G & H contends that this language does not effectively indemnify Brenneman against the consequences of its own negligence. Brenneman's first argument is in the alternative: (1) The above provision does require indemnification for liability arising from Brenneman's negligence and (2) the facts of this case fall squarely within the indemnification provision since Brenneman's liability arises from an act or omission of G & H or of its employee Waller.

In Delaware, contracts relieving a party of its own negligence are not favored. Pan American World Airways, Inc. v. United Aircraft Corp., 3 Storey 7, 163 A.2d 582. Such contracts are strictly

construed and will not be interpreted to provide indemnification unless so expressed in clear terms. Pan American World Airways, Inc. v. United Aircraft Corp., *supra,* 163 A.2d at 587. Intention that indemnitee be immunized from his own negligence must be unmistakably clear from the language of the agreement. Hollingsworth v. Chrysler Corporation, 8 Storey 234, 208 A.2d 61.

■ The language of the indemnification clause recited above is not clear enough to provide for indemnification where Brenneman may be liable because of its own negligence. The provision, by its own terms, limits the obligation to indemnify to "act[s] or omission[s] of the Sub-contractor or any of his officers, agents, employees or servants". The provision is *limited to* G & H's negligent acts or omissions; it does not include Brenneman's own negligent acts. Thus, the language does not immunize Brenneman from its own negligent acts causing damages, and I so hold. The contractual provision requiring G & H to maintain Workmen's Compensation and Employer's Liability insurance does not help Brenneman's argument. If anything, it supports the above construction since it merely evidences an intention that G & H should legally protect *itself* (not Brenneman).

■ In Brenneman's second leg of the alternative argument, it directs attention to the language that G & H obligates itself to indemnify Brenneman against "any . . . liability from . . . injuries to persons . . . on account of any act or omission of the Sub-contractor, or any of his officers, agents, employees or servants; . . .", and argues that this case falls within the indemnification provision since it claims that Brenneman's liability arises from an act or omission of G & H or its employee, Waller. The pleadings infer a dangerous condition existed on the bridge, which caused the injuries and damages to plaintiffs, of which G & H was aware, but in spite of its knowledge permitted Waller to work there.

This argument overlooks the fact that any liability of Brenneman to the Wallers is conditioned upon a finding of negligence on the part of Brenneman or its employee, Eby. Brenneman can be held liable only if it is found to have been independently negligent in the operation of the concrete conveyor. Such a finding must be made before the question of indemnification can arise. If it is assumed that G & H's alleged act was also a proximate cause, such act or omission would be a concurrent contributing cause. Thus, does the indemnification provision include the situation where Brenneman's and G & H's acts or omissions are concurrent contributing causes?

The indemnification provision, as noted above, speaks only in terms of liability to Brenneman arising from G & H's acts or omissions. It does not employ language from which an intent to indemnify resulting from concurrent acts or omissions of Brenneman and G & H can be construed. Since such an intent is not distinct, I hold that Brenneman has no right to indemnification under the terms of the provision. See, generally, Walters v. Rao Electrical Equipment Co., 289 N.Y. 57, 43 N.E.2d 810 (Ct.App.N.Y.1942), and Employers' Mutual Liability Insurance Company of Wisconsin v. Griffin Const. Co., 280 S.W.2d 179 (Ct.App.Ky.1955).

\*    \*    \*    \*    \*    \*

G & H's second argument is that Brenneman's second claim—that an implied agreement to indemnify arises from the breach of the express covenant to perform the work in a workmanlike manner—is precluded by the express. indemnification provision. In short, G & H contends that since Brenneman and G & H included an express indemnification provision in the subcontract, that agreement controls and no additional right of indemnification can be implied. G & H also contends that implied agreements to indemnify only arise

where the third-party plaintiff stands in the position of the owner of the premises.

Brenneman says that the present factual situation falls within the rule established in Diamond State Telephone Company v. University of Delaware, Del.Supr., 269 A.2d 52 (1970). Brenneman notes that the subcontract contains an express covenant by G & H to perform its work in a workmanlike manner and alleges a breach of this covenant by G & H's failure to stop work after it knew or should have known of the existence of a dangerous condition. Brenneman argues that an implied agreement to indemnify arises from the alleged breach of this express covenant.

What effect does the presence of an express indemnification clause have on the existence of an implied agreement to indemnify?

Where a written contract exists which includes a specific indemnification provision setting forth the rights and duties of the parties, the specific provision should govern and the courts should not enlarge the right to indemnification by implication. See, generally, Eazor Express, Inc. v. J. R. Barkly, 441 Pa. 429, 272 A.2d 893, 895 (1971), and County of Alameda v. Southern Pacific Company, 55 Cal.2d 479, 11 Cal.Rptr. 751, 757, 360 P.2d 327 (1961). Brenneman and G & H specifically outlined their rights and duties as to indemnification in the subcontract. This provision should govern; no additional right of indemnification should be implied from the breach of an independent provision of the subcontract.

Since no implied agreement to indemnify arises, no decision is necessary at this time on whether the indemnitory theory should be limited only to owners of premises.

Brenneman is not entitled to indemnification under either the express indemnification provision or under any implied agreement. G & H's motion to dismiss must be granted.

It is so ordered.