## Boswell v. Aetna Life Insurance Co.

*John A. Miller,* for plaintiff.

*Robert S. Garrett,* for defendant Aetna Life Insurance Company.

*Scott A. Millhouse,* for defendants Yorke Agency, Inc. and William E. Wells.

## FACTS

WALKO, *J.,* August 10, 1984 —This is an action brought by plaintiff insured to recover medical expenses allegedly owed under a major medical insurance policy issued by defendant insurer Aetna Life Insurance Company (AETNA). Before the court is the motion of co-defendants Yorke Agency, Inc. (Yorke) and its agent William C. Wells (Wells) to join as an additional defendant the Travelers Insurance Co. (Travelers).

The suit arose in this way: Upon plaintiff's retirement, his employer provided him with major medical coverage underwritten by Travelers. The coverage allows payment of 75 percent of a stated class of covered expenses above a $100.00 deductible with a $25,000 lifetime benefit ceiling. Subsequently, plaintiff sought additional medical coverage to preserve the Travelers policy. To this end, he purchased from Yorke, through Wells, short-term medical coverage offered by AETNA.

The prime controversy concerns plaintiff's representation to defendants regarding the Travelers policy. Plaintiff alleges that he apprised Wells of the Travelers policy when he purchased the AETNA coverage. Wells and Yorke maintain plaintiff told them that all coverage sponsored by his employer had terminated with retirement.

The AETNA policy covers 80 percent of the first $2,500 and 100 percent of the balance of a stated class of expenses over a $300 deductible. The policy does not limit the lifetime benefit allowance but carries this crucial limitation:

INSURANCE WITH OTHER INSURERS: If there is other valid coverage, not with AETNA, for the same loss, and of which AETNA has not received written notice prior to the loss, benefits under this policy will be reduced. The reduced amount will be a pro-rata share of the loss. That share will be based on the benefits otherwise due under this policy as compared with the total of like benefits under this and all such other coverage.

With AETNA's policy in force, plaintiff underwent extensive medical treatment and submitted the associated bills to AETNA. AETNA refused to pay any benefits due to plaintiff's alleged failure to apprise them of his pre-existing coverage with Travelers. Plaintiff, in turn, filed a complaint against AETNA, Yorke and Wells alleging liability based on promissory estoppel, negligence misrepresentation and deceit.

Defendants have filed answers and new matter and the parties have engaged in a significant amount of discovery. Yorke and Wells now seek to bring Travelers into the suit as an additional defendant.

## DISCUSSION

A defendant's right to join additional defendants in civil actions is governed by Pa.R.C.P. 2252(a). That rule establishes two disjunctive conditions to such joiner, *viz*:

Rule 2252. Right to Join Additional Defendants

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on

any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Defendants Yorke and Wells allege that the proposed joinder satisfies the first condition, i.e. that Travelers may be solely liable to plaintiff or liable over to defendants. We are convinced that the facts do no satisfy either condition and that joinder of Travelers would be improper. Our reasoning follows.

Under the facts alleged, joinder would lie if Travelers could be solely liable to plaintiff or liable over to the original defendants whether in tort or in contract. Therefore, we will consider each theory of action beginning with plaintiff's tort-based theories of recovery.

Because Yorke and Wells have not alleged Travelers' sole liability to plaintiff in tort we safely eliminate that as a vehicle for joinder. It follows that any joinder of Travelers in tort would flow from potential liability over to Yorke and Wells. In this regard, Rule 2252(a) would require allegations supporting theories of contribution or indemnification.

The right of contribution empowers a jointly liable party who has paid more than his proper share indischarging the joint liability to compel the others to reimburse him proportionately. Pennsylvania Power Co. v. Conn Welding and Machine, 35 D.&C.2d 261 (1963). The law of our Commonwealth allows contribution between joint tortfeasors Lasprogata v. Qualls, 263 Pa. Super 174, 397 A.2d 803 (1970). In fact, compelling all liable parties to apportion their common obligation is a strongly favored policy. McCracken v. McConnell, 56 D.&C.2d 681, 23 Law. L. J. 369 (1972). As defined by our legislature, joint tortfeasors are two or more persons

jointly or severally liable for the same injury. 42 Pa.C.S. §8322. Furthermore, the parties must act together in committing the wrong or their acts, if independent of each other, must unite in causing a single injury. Lasprogata, supra at N.2, construing 42 Pa.C.S. §8322. Neither plaintiff nor any defendant has averred that Travelers negligently or intentionally misrepresented the terms of either policy or in any other way breached a social duty owed to its insured. Because we cannot characterize Travelers as a joint tortfeasor, we are left without grounds for joinder on a contribution theory. Accord., Lasprogata, supra.

Joinder predicated on indemnity fairs no better. Indemnity is a right inuring to one who, without active fault, is compelled by reason of legal obligation to pay damages occasioned by the active fault of another and for which he himself is secondarily liable. Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R. 2d 319 (1950). In Pennsylvania, creating the indemnitee-indemnitor relation may occur in one of three ways: 1. Express contract, Eazor Express Inc. v. Barkley, 441 Pa. 429, 272 A.2d 893 (1971), 2. Implied contract or operation of law, Mixter v. Mack Trucks Inc., 224 Pa. Super 313, 308 A.2d 139 (1953) or, 3. Other circumstances which justify the Court in awarding equitable relief. Rogers v. Rogers, 295 Pa. Super. 160, 441 A.2d 398 (1982), Jenkins v. Jenkins, 246 Pa. Super 455, 371 A.2d 925 (1977), Restatement, Restitution §76. However it is formed, the relation requires "passive" or secondary liability in the indemnitor to an injured third party. The record discloses no allegation that Travelers is primarily liable in tort or that AETNA will be forced to answer for Travelers' active fault. Having thus exhausted both contribution and indemnification the Court can only conclude that

there is no viable means to join Travelers in tort. We turn to consider plaintiff's contract-based theories of action.

The distinction between trespass and assumpsit as to third party practice is best explained in Trinity Area School District v. Dickson, 223 Pa. Super 546, 302 A.2d 481 (1973). In Trinity, plaintiff school district filed two suits after a school structure collapsed: An assumpsit count against the architect for breach of contract and a trespass count in negligence against the architect and his engineer. The architect proposed the joinder of a general building contractor whose contract was with plaintiff school district. The trial court sustained joinder of the general contractor to determine his negligence liability, but refused to allow joinder in the assumpsit count.

In explaining the decision of the trial court, the Superior Court focused on the issue of causation as it concerned the pleadings. In Trinity, the architect, having been sued for negligence, was permitted to assert the negligence of the general contractor as the cause of injury. Because, however, the general contractor was not a party to the school board-architect contract, defendant architect could not allege the contractor's conduct as the cause of breach. Like the assumpsit pleadings in Trinity, plaintiff Boswell's complaint alleges that defendants breached the Boswell-AETNA insurance contract. Defendants here do not allege that Travelers is a party to that contract and thus, cannot deem Travelers potentially liable to Mr. Boswell on the AETNA policy. Rule 2252 and Trinity require such an allegation in order to support joinder. Id. See also, Steel v. Shepperd, 402 Pa. 165, 165 A.2d 666 (1960), Wheeler v. Travelers, 29 Som. 45 (1974).

Without allegations of Traveler's direct contractual liability to plaintiff, defendant's remaining

grounds for joinder are contribution and indemnity. By statute, contract claims do not give rise to contribution rights. 42 Pa.C.S. §8322. Thus, joinder cannot be premised on contribution. Similarly, much of our discussion above forecloses joinder on an indemnification theory, which would require allegations of an express or implied contract between a defendant and Travelers, or other circumstances invoking our equity power of restitution. None is alleged. Consequently, indemnification as to the assumpsit count cannot justify joinder.

Having so decided, we also note that the defendants make no claim in their own right against Travelers. It appears that tactical considerations, not those purely legal, preponderate in defendants' bid to bring Travelers into the case. This factor goes a long way to eliminate any prejudice to defendants because of denial of the motion. In view of the above, we enter the following

## ORDER

And now, this August 10, 1984, after due consideration of defendant's motion to join Travelers Insurance Company and the arguments of counsel, it is hereby ordered that the motion is denied.