# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRIAN WADE and PAULA WADE,    )
          )
       Plaintiffs,    )
          )
     v.    )
          )
JESSOP'S TAVERN, INC.,    )
          )
     Defendant/Third-Party    )    C.A. No. N16C-04-107 VLM
     Plaintiff,    )
          )
     v.    )
          )
WASTE INDUSTRIES, LLC and    )
WASTE INDUSTRIES OF    )
DELAWARE, LLC,    )
          )
     Third-Party Defendants.    )

Submitted: November 14, 2016
Decided: December 6, 2016

## ORDER

*Upon Consideration of Third-Party Defendants' Motion to Dismiss,* **GRANTED.**

AND NOW this 6th day of December, 2016, upon consideration of Third-Party Defendants, Waste Industries, LLC and Waste Industries of Delaware, LLC's (hereinafter "Waste") Motion to Dismiss, Third-Party Plaintiff, Jessop's Tavern, Inc.'s (hereinafter "Jessop's") response thereto, and the parties' positions at oral argument, **IT IS HEREBY ORDERED** that Waste's Motion is **GRANTED** for the following reasons:

1.     Plaintiffs, husband and wife, filed this premises liability action solely against Jessop's alleging that Plaintiff Brian Wade (hereinafter "Mr. Wade") suffered injuries as a proximate cause of Jessop's failure to exercise reasonable care in discovering and remedying a concealed, dangerous condition on its property. Mr. Wade was employed as a trash collector with Waste, charged with removing trash from Jessop's trashcans pursuant to a service agreement between Waste and Jessop's. On April 22, 2014, Mr. Wade, while in the scope of his employment, allegedly suffered injuries after his foot caught a concealed hole on Jessop's property.

2.     Plaintiffs' Complaint was filed on April 13, 2016. Jessop's thereafter impleaded Waste on July 6, 2016. Jessop's alleges, first, that Waste expressly agreed to indemnify Jessop's for Waste's allegedly negligent training and/or supervision of Mr. Wade in the performance of his duties under the operative service agreement. To wit, Jessop's contends that Waste—prior to the execution of the service agreement—knew of this dangerous condition on Jessop's property.[1] Thus, Jessop's argues that Waste's negligence may have proximately caused Plaintiff's injuries and, consequently, Waste may be held liable under a theory of *express* indemnification for any damages recoverable by Plaintiffs.

_____

[1] This representation was not memorialized in the service agreement.

3.     Alternatively, Jessop's argues that it has stated a viable claim for *implied* indemnification based on Waste's putative obligation to perform its duty under the service agreement in a workmanlike manner.   Though the service agreement is silent as to any express covenant by Waste to perform its duty under the agreement in a workmanlike manner, Jessop's argues that the nature of the agreement carries with it this implied promise on the part of Waste.

4.     On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[2] Even vague allegations are considered well-pleaded if they give the opposing party notice of a claim.[3]   The Court must draw all reasonable inferences in favor of the non-moving party;[4] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[5]   Dismissal of a complaint under Rule 12(b)(6) must be denied if the non-moving party could recover under "any reasonably conceivable

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978). *See also* DEL. SUPER. CT. CIV. R. 12(b)(6).

[3] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

[4] *Id.*

[5] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

3

set of circumstances susceptible of proof under the complaint."[6] However, dismissal should be granted where no set of facts could support the claim asserted and the moving party is entitled to dismissal as a matter of law.[7]

5.     Initially, the Court determines that the present Motion should be adjudicated on a 12(b)(6) standard and not—as Jessop's contends—under a summary judgment standard.[8] Jessop's included in its opposition to the Motion an affidavit from Jessop's owner to suggest that his "business provided information to the salesman for Waste . . . about the condition of the area" before entering into the Service Agreement.[9] Where extrinsic evidence is injected into a motion to dismiss, the Court may convert the motion to a Rule 56 motion for summary judgment.[10] However, the Court should be slow to convert a motion to dismiss to a motion for summary judgment, particularly where the extrinsic evidence is unnecessary to resolve the motion to dismiss.[11] The Court finds that Jessop's affidavit simply restates the allegations found in the Third-Party Complaint and does not augment

---

[6] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[7] *Klein*, 94 A.2d at 391.

[8] *See* DEL. SUPER. CT. CIV. R. 56.

[9] *See* Jessop's Br. at Ex. 3.

[10] *Cf. Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1288 (Del. 2007) (discussing "*sua sponte* conversion" to Rule 56 standard of review).

[11] *See id.* (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5C FED. PRAC. & PROC. § 1366, at 149 (3d ed. 2004)).

4

the indemnification issues present in Waste's Motion. Therefore, the Court reviews Waste's Motion under Rule 12(b)(6).

6.    First, the Court addresses Waste's argument that it cannot be held liable under the express indemnity provision of the service agreement. Delaware adheres to the objective theory of contracts.[12] In interpreting this service agreement, the Court will look to the four corners of the contract and seek to discern the parties' objective intent when entering into the contract.[13] The indemnification provision at issue in the Motion states in part:

> INDEMNITY: [Waste] agree[s] to Indemnify and hold [Jessop's] harmless from and against any and all claims, demands, actions, fines, penalties, expenses and liabilities (including reasonable attorneys' fees) ("Losses") incurred by [Jessop's] as a result of bodily injury (including death), property damage, or violation of law, **to the extent** caused by any negligent act, negligent omission or willful misconduct of [Waste], which occurs during [Waste's] provision of services to [Jessop's] under this Agreement; **provided that [Waste's] Indemnification obligation will not apply to occurrences involving Waste . . . or involving the negligence or willful misconduct of [Jessop's]**, [Jessop's] employees, representatives and contractors. [Jessop's] agree[s] to indemnify and hold [Waste] harmless from and against any and all Losses incurred by [Waste] arising out of [Jessop's] breach of this Agreement; the negligent acts[,] omissions or willful

---

[12] *See, e.g., Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) (quoting *Indus. Am., Inc. v. Fulton Indus., Inc.*, 285 A.2d 412, 415 (Del. 1971)).

[13] *See GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012) (quoting *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)).

5

misconduct of [Jessop's], [Jessop's] employees, representatives or contractors. . . .[14]

7. Waste argues dismissal is appropriate because the terms of the above provision expressly preclude indemnification for Jessop's own negligence. In other words, in the event Jessop's was found liable to Plaintiffs for any alleged negligence, Waste contends that Jessop's would be seeking indemnification for its *own* negligence; a result that is contractually prohibited by the indemnity provision in the service agreement. This Court agrees.

8. Parties to a contract may provide that one party agrees to indemnify the other for his or her negligence.[15] Express indemnification for one party's negligence must be clear and unequivocal.[16] Though the parties need not use exact terms, the law "will not imply a right of indemnity where the parties have entered into a written contract with express indemnification."[17] Because "contracts relieving a party of its own negligence are strictly construed," an indemnity

---

[14] Jessop's Br. at Ex. 2 (emphasis added). Notably, in the Third-Party Complaint, Jessop's quotes a portion of the indemnity provision, but omits various highlighted and important portions of the second clause (without proper indication) beginning with "provided that. . . ." *See* Third-Party Complaint at ¶ 11. This omission, whether intentional or inadvertent, is misleading.

[15] *See, e.g., Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403 (Del. 1995); *Hollingsworth v. Chrysler Corp.*, 208 A.2d 61 (Del. Super. 1965).

[16] *See Hollingsworth*, 208 A.2d at 241.

[17] *Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co.*, 840 A.2d 1244, 1251 n.12 (Del. 2004) (quoting *Rock v. Del. Elec. Coop., Inc.*, 328 A.2d 449, 455 (Del. Super. 1974)). *See also Hollingsworth*, 208 A.2d at 241-42.

6

provision that is silent to a situation involving contributory negligence will not be stretched to accommodate the party seeking express indemnification.[18]

9.     In resolving Waste's express indemnity argument, the Court is persuaded by *Waller v. J.E. Brenneman Co.*[19] Granting dismissal of the third-party complaint, the *Waller* Court held that a similar indemnity provision failed to consider a circumstance where both parties may have been contributorily negligent for the injuries of third-party defendant's employee. As such, the express indemnity agreement did not act to indemnify the third-party plaintiff for its own alleged negligence toward the plaintiff/third-party defendant's employee.[20]

10.     Jessop's response to *Waller* is to avoid its implications and, instead, argue that Waste may still be held liable for its allegedly negligent training and supervision of Mr. Wade.[21] Jessop's focuses heavily on the indemnity provision's language in the first clause: Waste "agrees to indemnify [Jessop's] . . . **to the extent** caused by any negligent act, negligent omission or willful misconduct of [Waste]. . . ." If one were to stop there, Jessop's argument may hold water. However, and most importantly, the second clause of the provision clearly excises

---

[18] *Waller v. J.E. Brenneman Co.*, 307 A.2d 550, 551-52 (Del. Super. 1973).

[19] 307 A.2d 550 (Del. Super. 1973).

[20] The *Waller* Court also rejected an implied indemnity claim similar to the one presented in this case. *See id.* at 552-53.

[21] Although Jessop's cites to *Waller*'s on-point holding, *Waller* appears only once in Jessop's brief: in its final footnote. *See* Jessop's Br. at ¶ 10, n.4.

7

Waste's duty to indemnify in situations of Jessop's *own* negligence: "**provided that [Waste's] Indemnification obligation will not apply to occurrences . . . involving the negligence or willful misconduct of [Jessop's]. . . .**"

11. Jessop's attempts to use a similarly unsuccessful argument as did the third-party plaintiff in *Waller*: that Waste's "act or omission"—allegedly failing to disclose a dangerous condition on Jessop's property—was a proximate cause of Mr. Wade's injuries.

12. Jessop's argument appears to meld theories of contribution and indemnification in an attempt to overcome Waste's Motion to Dismiss. Contribution, however, is clearly foreclosed under the Supreme Court's holding in *Precision Air, Inc. v. Standard Chlorine of Delaware.*[22] Jessop's attempt to implead Waste on a theory that Waste could also have caused Plaintiff's injuries essentially casts Waste—Mr. Wade's employer— as a joint tortfeasor to Jessop's alleged negligence. This is categorically prohibited under *Precision Air.*[23]

13. Furthermore, Jessop's indemnification theory is likewise unavailing because the express language in the indemnity provision prohibits Waste from indemnifying Jessop's where Jessop's suffers damages as a result of its own negligence. If Jessop's is held liable on Plaintiffs' claims—as it must in order for

---

[22] 654 A.2d 403 (Del. 1995).

[23] *See id.* at 406-07.

8

Jessop's to suffer any damages—Jessop's liability will be directly attributable to its own failure to exercise reasonable care when Mr. Wade legally entered onto Jessop's property. This is clear from the fact that Plaintiffs' sole claim is one for Jessop's failure to reasonably maintain its own property. Pursuant to the second clause of the indemnity provision, whatever damages Jessop's suffers as a result of a finding against Jessop's is, *ipso facto*, directly attributable to Jessop's *own* negligence.

14. Delaware law has consistently recognized that parties can, and have, agreed that one party to a contract will bear the risk of all loses, regardless of which party may be at fault for the loss.[24] Here, the parties did just that. Unlike the cases of *Precision Air* and *Waller,* where the express provisions of their agreements were subject to further interpretation, here, the scope of Waste's obligation is clear. Any further analyses regarding the express provision is unnecessary. This Court finds that any additional factual record that might be developed would not serve to further determine the contractual obligations between Jessop's and Waste; the obligations are established. As such, this Court finds Waste cannot be held liable under the express indemnity provision of the service agreement as a matter of law.

---

[24] *State v. Interstate Amiesite Corp.*, 292 A.2d 41, 44 (Del 1972).

15.     Finally, Jessop's ancillary argument that Waste should be held to have impliedly indemnified Jessop's notwithstanding the indemnity provision is also without merit. Where an express indemnity provision exists between the parties to an agreement, the Court will not enlarge the right to indemnity by implication.[25] In *Precision Air*, the Supreme Court permitted a third-party indemnity claim against an employer where the employer *expressly* agreed to: "(i) perform work in a workmanlike manner; **and** (ii) indemnify the third-party-indemnitee for any claims arising from the employer-indemnitor's own negligence."[26] Crucial in *Precision Air* was the parties' express contractual agreement that the third-party defendant would perform under the contract in a workmanlike manner and indemnify the third-party plaintiff for the third-party defendant's own negligence.[27] As stated, that is not the case in the agreement between Waste and Jessop's. Where the parties agreed to their indemnification commitments, this Court will not impose implied obligations to extend beyond their agreement.

For the above stated reasons, Third-Party Defendants, Waste Industries, LLC and Waste Industries of Delaware, LLC's Motion to Dismiss the Third-Party

---

[25] *See Rock v. Del. Elec. Coop., Inc.*, 328 A.2d 449, 455 (Del. Super. 1974).

[26] 654 A.2d at 407.

[27] *See Davis v. R.C. Peoples, Inc.*, 2003 WL 21733013, at *4 (Del. Super. July 25, 2003).

Complaint is **GRANTED**.

        **IT IS SO ORDERED.**

_____
Judge Vivian L. Medinilla

oc:    Prothonotary
cc:    All Counsel of Record (via e-filing)