# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: July 15, 2025
Decided: August 11, 2025

Joseph J. Bellew, Esquire (*argued*)
Joseph E. Brenner, Esquire
GORDON REES SCULLY
MANSUKHANI LLP
824 N. Market Street, Suite 220
Wilmington, Delaware 19801

Patrick McGrory, Esquire (*argued*)
TIGHE & COTTRELL, P.A.
5305 Limestone Road, Suite 200
Wilmington, Delaware 19808

RE: *Wohlsen Construction Company v. Berkel & Company Contractors, et al.*
 <u>C.A. No. N25C-01-364 PRW CCLD</u>
 Defendant Berkel & Company's Motion for Partial Dismissal

Dear Counsel:

This Letter Decision and Order resolves Defendant Berkel & Company

Contractors, Inc.'s motion for partial dismissal (D.I. 49). For the reasons explained

now, that motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Wohlsen Construction Company[2] and Defendant Berkel & Company

---

[1] At this stage, all factual allegations in the complaint are taken as true. The Court is adopting these facts only for the purpose of this motion and assumes the parties' familiarity therewith.

[2] Plaintiff Wohlsen Construction Company is a Pennsylvania corporation with a principal place of business in Pennsylvania. Complaint ("Compl.") ¶ 1 (D.I. 1).

Contractors, Inc.,[3] entered into a subcontracting agreement (the "Berkel Contract") to build a parking garage's foundation.[4]

Berkel engaged Copeland Surveying, Inc. as a subcontractor to perform surveying work,[5] and Wohlsen contracted with Defendant Transition Engineering Surveying, LLC ("TES") for survey quality assurance services.[6]

While construction was ongoing, but after Berkel's portion was completed, Wohlsen discovered a discrepancy between the garage and the original survey drawings.[7] Wohlsen attributes this error jointly to Berkel and TES.[8]

In January of 2025, Wohlsen filed this suit that alleges: breach of contract against Berkel (Count I), breach of contract against TES (Count II), professional negligence against Berkel (Count III), professional negligence against TES (Count IV).[9] Wohlsen's complaint further contains: a contractual indemnification claim

---

[3] Defendant Berkel & Company Contractors, Inc. is a Missouri corporation. Compl. ¶ 2.

[4] Compl. Ex. A (Berkel Sub-Contract) (D.I. 1); Compl. ¶¶ 4, 6.

[5] Compl. ¶ 10.

[6] *Id.* ¶ 11.

Defendant Transition Engineering Surveying, LLC is a Delaware limited liability company with a principal place of business in Delaware. *Id.* ¶ 3. Defendant Transition Engineering Surveying, LLC has no part in this partial motion to dismiss proceeding. *See* D.I. 23.

[7] Compl. ¶ 12.

[8] *See id.* ¶¶ 14, 15-16.

[9] *Id.* ¶¶ 21-75.

against Berkel (Count V), a common law indemnification claim against Berkel (Count VI), a common law indemnification claim against TES (Count VII), a common law contribution claim against Berkel (Count VIII), a common law contribution claim against TES (Count IX), a statutory contribution claim against Berkel (Count X), and a statutory contribution claim against TES (Count XI).[10]

Wohlsen claims that it has incurred costs in excess of $1 million due to the foundation's misalignment.[11]

Now before the Court is Berkel's partial motion to dismiss.[12] Berkel brings this partial motion to dismiss for Counts III, VI, VIII, and X—for professional negligence against Berkel, common law indemnification against Berkel, common law contribution against Berkel, and statutory contribution against Berkel.[13] It argues that the economic loss doctrine bars these tort-based claims from being raised alongside the breach of contract claims.[14]

In response, Wohlsen claims that its tort claim—professional negligence—is adequately pled as separate and independent from its contractual obligations, or that

---

[10] *Id.*

[11] Compl. ¶¶ 18-19.

[12] D.I. 13.

[13] Partial Mot. to Dismiss at 1 (D.I. 13).

[14] *Id.*

they have brought it in the alternative.[15]

## II. STANDARD OF REVIEW

A motion to dismiss under this Court's Rule 12(b)(6) tasks the Court with weighing the complaint's allegations against the governing reasonable conceivability pleading standard.[16] When applying Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts as true all of the complaint's well-pled allegations, and draws all reasonable inferences in the plaintiff's favor.[17] But "the benefits of liberal construction afforded [to] a non-movant do not extend to 'conclusory allegations that lack specific supporting factual allegations.'"[18] In the norm, dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[19]

That said, the Court need not adopt strained interpretations of the facts

---

[15] *See generally* Pl.'s Resp. (D.I. 20).

[16] *Windsor I, LLC v. CWCapital Asset Mgt. LLC*, 238 A.3d 863, 871-72 (Del. 2020) ("The grant of a motion to dismiss is only appropriate when the 'plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.'") (quoting *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).

[17] *Id.* (quoting *Deuley v. DynCorp Intern., Inc.*, 8 A.3d 1156, 1160 (Del. 2010)).

[18] *Surf's Up Legacy P'rs, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Ct. Jan. 13, 2021) (quoting *Rammuno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[19] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. Ct. May 19, 2009).

alleged.[20]  Nor need the Court condone pleading of misaligned or fatally deficient counts.  Resultingly, the Court will dismiss "if the non-movant fails to plead specific allegations supporting an[y] element of its claim or where no reasonable, i.e., unstrained, interpretation of the facts alleged reveals a remediable injury" supporting a specific claim as it is penned.[21]

## III. DISCUSSION

### A. THE PROFESSIONAL NEGLIGENCE CLAIM AGAINST BERKEL IS DISMISSED.

Wohlsen tags Berkel with both a breach-of-contract claim and a professional negligence count.[22]  Berkel seeks dismissal of the professional negligence claim under the economic loss doctrine.[23]

"The economic loss doctrine prohibits certain claims in tort where overlapping claims based in contract adequately address the injury alleged."[24]  Put

---

[20]  *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001); *see Price v. E.I. DuPont de Nemours & Co., Inc.*, 26 A.3d 162, 166 (Del. 2011) (The Court need not draw "unreasonable inferences in favor of the non-moving party."), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).

[21]  *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. Ct. 2021) (cleaned up).

[22]  Compl. ¶¶ 21-26, 33-37.

[23]  *See, e.g.*, Partial Mot. to Dismiss ¶ 6.

[24]  *CB Lewes, LLC v. Brightfields, Inc.*, 2020 WL 6364521, at *2 (Del. Super. Ct. Oct. 29, 2020) (referencing *Brasby v. Morris*, 2007 WL 949485, at *6 (Del. Super. Ct. Mar. 29, 2007)).

differently, "[t]he economic loss doctrine prohibits recovery in tort where a product damages only itself, that is, 'it has not caused personal injury or damage to *other property*, and the only losses suffered are economic in nature. . . .'"[25] "The driving principle for the rule is the notion that contract law provides a better and more specific remedy than tort law."[26]

On occasion, both claims might be permitted if the non-contract claim is based on a breach of a duty "that is independent of the duties imposed by the contract."[27] But if the claim is not based on an independent duty, then the non-contractual claim cannot survive "because tort claims and breach-of-contract claims are not alternative theories of recovery for the same acts."[28]

There is also an exception to the economic loss doctrine under the Restatement (Second) of Torts Section 552.[29] It requires that "a plaintiff must prove: 1) defendant supplied [ ] information to plaintiff for use in business transactions with third parties;

---

[25] *Gea Sys. N. Am. LLC v. Golden State Foods Corp.*, 2020 WL 3047207, at *7 (Del. Super. Ct. June 8, 2020) (quoting *Sycamore Farms, Inc. v. Barnes Elec., Inc.*, 2011 WL 5330621, at *1 (Del. Super. Oct. 20, 2011) (emphasis added)).

[26] *Brasby*, 2007 WL 949485, at *6 (citation omitted).

[27] *Abbott Laboratories v. Owens*, 2014 WL 8407613, at *7 (Del. Super. Ct. Sept. 15, 2014) (quoting *Brasby*, 2007 WL 949485, at *6).

[28] *Edelstein v. Goldstein*, 2011 WL 721490, at *1 (Del. Super. Ct. Mar. 1, 2011).

[29] *Riverbend Cmty., LLC v. Green Stone Eng'g, LLC*, 2012 WL 1409013, at *3 (Del. Super. Ct. Apr. 4, 2012), *aff'd*, 55 A.3d 330 (Del. 2012).

and 2) defendant is in the business of supplying information."[30] "In Delaware, a defendant is considered to be an 'information provider' when information is the 'end and aim' product of the defendant's work."[31] But the exception is narrow; "only surveyors and those expressly in the business of supplying information such as accountants, financial advisors, and title searchers, can be liable in tort for purely economic losses."[32]

### 1. The Section 552 exception doesn't apply here.

As the Wohlsen's complaint clearly alleges, and the parties agreed at argument, Berkel did (and regularly does) more than just supply information—it was doing hands-on physical deep foundation construction itself based off the surveys.[33]

---

[30] *CB Lewes*, 2020 WL 6364521, at *3.

Section 552 provides, in relevant part:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts Section 552.

[31] *Riverbend Cmty.*, 2012 WL 1409013, at *4.

[32] *CB Lewes*, 2020 WL 6364521, at *3 (quoting *Millsboro Fire Co. v. Constr. Mgmt. Servs., Inc.*, 2006 WL 1867705, at *3 (Del. Super. Ct. June 7, 2006)).

[33] *E.g.* Compl. ¶¶ 6, 10, 12 ("After TES performed the initial stake out work, Berkel, and/or its subcontractor, performed its work on the foundation. Part of Berkel's work with the foundations involved removing and/or destroying certain survey points set by TES.").

This means that Berkel is not an "information provider" because the end work was its part of the constructed foundation, not the plans.[34]

What's more, as it alleges in its complaint, Wohlsen didn't have any issue with the surveys or with the "information" provided being inaccurate.[35] In fact, according to Wohlsen, the survey wasn't inaccurate; Wohlsen's issue is that Berkel didn't complete its part of the construction work according to the survey.[36] Even viewing the facts in the light most favorable to Wohlsen, Berkel was not acting as an "information provider."

As such, the claim doesn't fall under the Section 552 exception and the economic loss doctrine applies.

### 2. The economic loss doctrine bars the professional negligence claim.

Wohlsen is only seeking to recover damages from Berkel's alleged faulty construction work. Nothing else. There's no other alleged property damage distinct

---

[34] *See Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *7 (Del. Super. Ct. June 13, 2002) (explaining that if the "information supplied is merely ancillary to the sale of a product or service . . . defendant will not be found to be in the business of supplying information") (cleaned up).

[35] *See* Compl. ¶ 13 ("In the spring of 2023, during construction, but after completion of both TES and Berkel's work, Wohlsen discovered a discrepancy in the as-built garage, such that the as-built garage is misaligned from the original survey drawings for the garage.").

[36] *Id.*

from the initial misstep and ultimate askew build.[37]

At argument, though, Wohlsen alleged for the first time that there was reputational damage and possible loss of goodwill with its end customer.[38] But that is found nowhere in the pleadings. Wohlsen has made no allegation of a breach of an independent duty outside the contract.[39]

Accordingly, the economic loss doctrine bars the professional negligence claim because Wohlsen has brought breach-of-contract claims covering precisely the same activity.[40] The professional negligence claim against Berkel (Count III) is **DISMISSED**.

## B. THE COMMON LAW INDEMNIFICATION CLAIM AGAINST BERKEL IS DISMISSED.

"The law will not imply a right of indemnity where the parties have entered into a written contract with express indemnification provisions."[41] The sub-contract at issue here contains its own "Subcontractor's Indemnity" provision.[42] As such, the

---

[37] *See* Compl. at 15 ("Wohlsen requests that the court enter judgment in its favor and against TES for all costs and damages related the misalignment of the Parking Garage, and such other relief as the court deems appropriate.").

[38] Partial Mot. to Dismiss Hr'g Tr. at 19-20 (D.I. 25).

[39] *Cf. Gea Sys. N. Am. LLC*, 2020 WL 3047207, at *7.

[40] *See Riverbend Cmty.*, 2012 WL 1409013, at *6.

[41] *Rock v. Delaware Elec. Co-op., Inc.*, 328 A.2d 449, 455 (Del. Super. Ct. 1974).

[42] Berkel Sub-Contract § 7.10.

contractual language governs the dispute.

The common law indemnification claim against Berkel (Count VI) is **DISMISSED**.

### C. THE COMMON LAW AND STATUTORY CONTRIBUTION CLAIMS AGAINST BERKEL ARE DISMISSED.

"The Delaware Supreme Court describes the right to contribution as 'the right of one who has discharged a common liability to recover from another who is also liable.'"[43]  The claim "exists unless and until one of the joint tort-feasors pays more than his or her proportionate share of the settlement of the underlying claim."[44]  Simply put, a claim for contribution is meant to be brought by one joint-tortfeasor against another.[45]

Wohlsen hasn't pled that it was a tortfeasor, but it apparently settled a contract claim with its end customer.  And, as already held, there is no appropriate tort claim against Berkel—just the remaining contract-based claims.  As such, the

---

[43]  *Smyrna Hosp., LLC v. Petrucon Constr., Inc.*, 2014 WL 1267459, at *2 (Del. Super. Ct. Feb. 26, 2014) (quoting *Reddy v. PMA Ins. Co.*, 20 A.3d 1281, 1284 (Del. 2011)).

[44]  *Reddy*, 20 A.3d at 1289.

[45]  Under the statutory framework, contribution may only be permitted when "(1) each of the persons must be liable in tort, (2) the liability of each must be for the same injury, and (3) the injury for which each person is liable must have been injury to person or property." *Ulmer v. Whitfield*, 1985 WL 189262, at *1 (Del. Super. Ct. Sept. 10, 1985).

"contribution" claims don't fit here and no recovery thereunder is reasonably conceivable.

The claims for common law contribution against Berkel (Count VIII) and statutory contribution against Berkel (Count X) are **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Defendant Berkel's Partial Motion to Dismiss is **GRANTED.** Counts III, VI, VIII, and X—for professional negligence against Berkel, common law indemnification against Berkel, common law contribution against Berkel, and statutory contribution against Berkel—are **DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

cc: All Counsel via File and Serve